IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| MC OIL and GAS, LLC, a Nevada limited liability company,<br><br>                  Plaintiff,<br>v.<br><br>ULTRA RESOURCES, INC., a Wyoming corporation, UPL THREE RIVERS HOLDINGS, LLC, a Delaware limited liability company, and AXIA ENERGY, LLC, a Delaware limited liability company,<br><br>                  Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS**<br><br>Case No. 1:15-cv-0038<br><br>District Judge David Nuffer |

Ultra Resources, Inc., UPL Three Rivers Holdings, LLC, and Axia Energy, LLC (collectively "Defendants") move to dismiss[1] certain causes of action brought by plaintiff MC Oil and Gas, LLC ("MC").[2] The parties' memoranda and the complaint have been carefully reviewed. For the reasons set forth below, Defendants' motion to dismiss the constructive trust portions of the second and third causes of action is GRANTED. Defendants' motion to dismiss the fifth, sixth, and eighth causes of action is GRANTED with leave to amend. And Defendants' motion to dismiss the seventh cause of action is DENIED.

---

[1] Defendants Motion to Dismiss Claims and Memorandum in Support ("Motion to Dismiss"), docket no. 33, filed March 23, 2015; Defendant Axia Energy, LLC's Motion to Dismiss Claims and Memorandum in Support, docket no. 34, filed March 31, 2015. Since both motions are identical in nearly every respect, including pagination, references below will be made to the motion filed March 23, 2015.

[2] First Amended Complaint and Demand for Trial by Jury ("Complaint"), docket no. 9, filed March 2, 2015.

**BACKGROUND**

Defendants move to dismiss on three separate grounds. First, Defendants move to dismiss the constructive trust remedy portion of the second and third causes of action.[3] Defendants also seek dismissal of the sixth cause of action—equitable estoppel—because it is a quasi-contract claim.[4] Defendants argue the quasi-contract constructive trust remedies and the equitable estoppel claim are improper because both parties acknowledge there is a valid agreement.[5] MC responds that it pleads equitable estoppel in the alternative in the event the contract is found to be invalid.[6] Defendants reply that nothing in the complaint states the equitable estoppel claim is pled in the alternative.[7]

Second, Defendants move to dismiss the fifth and eighth causes of action, specific performance and injunctive relief respectively, because they are remedies and not independent causes of action.[8] MC responds that because these claims incorporate the earlier causes of action MC is merely complying with the requirement in the Federal Rules of Civil Procedure to couple a claim with a demand for relief.[9] MC also argues Utah Code Ann. §70A-2-716 creates an independent cause of action for specific performance.[10] Defendants reply that these remedies are not pled as demands for relief for earlier causes of action, but rather as independent causes of

---

[3] Motion to Dismiss at 3–6.

[4] *Id.*

[5] *Id.*

[6] Combined Memorandum Opposition to Defendants' Motions to Dismiss ("Opposition") at 4–5, docket no. 56, filed April 20, 2015.

[7] Defendants' Reply Brief in Support of Their Motions to Dismiss ("Reply") at 2, docket no. 73, filed May 4, 2015.

[8] Motion to Dismiss at 6.

[9] Opposition at 6.

[10] *Id.*

action,[11] and that Utah Code Ann. § 70A-2-716 does not create a separate, standalone cause of action for specific performance.[12]

Third, Defendants move to dismiss the seventh cause of action for indemnification. Defendants argue that because the indemnification clause is contained in the Letter-in-Lieu, MC's alleged harm could not come from having relied on the Letter-in-Lieu.[13] MC responds that the Complaint states how MC specifically relied on representations made in the Letter-in-Lieu and that the court is required to accept such factual allegations as true.[14] Defendants reply that any harm MC claims to have suffered actually stems from Defendants' decision to not sell oil to MC, and not as a consequence of the representations Defendants made in the Letter-in-Lieu.[15]

## STANDARD OF REVIEW FOR A 12(B)(6) MOTION TO DISMISS

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "[t]he court's function . . . is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's . . . complaint alone is legally sufficient to state a claim for which relief may be granted."[16] In so doing, the court will "accept all well-pled factual allegations as true and view these allegations in the light most favorable to the nonmoving party."[17]

---

[11] Reply at 3.

[12] *Id.*

[13] Motion to Dismiss at 7–8; *see* Letter-in-Lieu, docket no. 33-1, filed March 23, 2015.

[14] Opposition at 7.

[15] Reply at 3–4.

[16] *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010) (citation and internal quotations omitted).

[17] *Id.* (citation omitted).

## DISCUSSION

### I. Quasi-contract claims may be pled in the alternative, but no cause of action supports a constructive trust remedy.

Fed. R. Civ. P. 8(d)(2) states that "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones." And Fed. R. Civ. P. 8(d)(3) states that "[a] party may state as many separate claims or defenses as it has, regardless of consistency." Accordingly, MC is entitled to make alternative and inconsistent claims.

Defendants argue that the quasi-contract constructive trust remedy in the second and third causes of action, and the equitable estoppel sixth cause of action are not legally sustainable when there is a valid contract between the parties.[18] They cite numerous cases.[19] Defendants fail, however, to acknowledge that each of the cited cases determined that the contract at issue was valid.[20] Indeed, "[a] party may not recover under a theory of implied contract . . . *only if* the express contract which governs the obligations between the parties in the case *is found to be enforceable*."[21] Even though both parties may now acknowledge that the contract is valid, the fact finder could conclude otherwise. Therefore, MC's quasi-contract claim of equitable estoppel could be alternative to those based on a valid contract.

MC, however, does not properly plead the quasi-contract claim of equitable estoppel in the alternative. While plaintiffs "need not use particular words to plead in the alternative, they must use a formulation from which it can be reasonably inferred that this is what they [are]

---

[18] Motion to Dismiss at 3.

[19] *Id.* at 3–5.

[20] *See, e.g., Selvig v. Blockbuster Enter. LC,* 266 P.3d 691, 693 (Utah 2011) ("[The district court] dismissed the Selvigs' unjust enrichment claim on the ground that the dispute was covered by a valid contract governing the purchase of the Property.").

[21] *Becker v. HAS/Wexford Bancgroup, LLC*, 157 F.Supp.2d 1243, 1253 (D. Utah 2001) (emphasis added).

doing."[22] MC's Complaint is not clear that equitable estoppel is pled in the alternative. [23] However, because MC stated in its Opposition that it intended to make such an alternative pleading,[24] the equitable estoppel claim is dismissed with leave for MC to amend only to add that it is stated in the alternative.

The constructive trust remedies in the second and third causes of action are not sustainable. "A constructive trust is an equitable remedy which arises by operation of law to prevent unjust enrichment."[25] MC failed to claim unjust enrichment as a cause of action or any other cause of action that may justify this quasi-contract remedy. Therefore, the constructive trust remedies in the second and third causes of action are dismissed.

## II. MC's claims for specific performance and injunctive relief are not independent actions and should be listed under the prayer for relief.

MC's fifth cause of action for specific performance and eighth cause of action for injunctive relief are remedies and not independent causes of action.[26] Contrary to MC's argument, Utah Code Ann. § 70A-2-716 does not create an independent cause of action for specific performance. Nothing in that section—listed under the part of the section entitled "Remedies"—supports an independent cause of action for specific performance. And while it is

---

[22] *Holman v. Indiana,* 211 F.3d 399, 407 (7th Cir. 2000).

[23] *See In re BridgeSpan Corp.*, No. C 05-4471 JF, 2006 WL 6667388, at *7 (N.D. Cal. Oct. 30, 2006); *see also Ashley v. City of Hialeah*, No. 11-20490-CIV, 2011 WL 3236051, at *3 (S.D. Fla. July 28, 2011) (stating that not incorporating the action for which it is the alternative is one formulation from which it can reasonably be inferred that it is meant to be in the alternative).

[24] Opposition at 4–5.

[25] *Ashton v. Ashton*, 733 P.2d 147, 151 (Utah 1987); *see also Wilcox v. Anchor Wate, Co.*, 164 P.3d 353, 362 (Utah 2007) ("Courts recognize a constructive trust as a matter of equity where there has been (1) a wrongful act, (2) unjust enrichment, and (3) specific property that can be traced to the wrongful behavior.")

[26] *See Capener v. Napolitano*, No. 2:11-CV-00601-DN, 2012 WL 1952199, at *2 (D. Utah May 30, 2012) ("[I]njunctions are forms of relief, not independent causes of action."); *Morris v. Sykes*, 624 P.2d 681, 684 (Utah 1981) ("Specific performance is a remedy of equity which is addressed to the sense of justice and good conscience of the court. . . .").

true, as MC argues, that Fed. R. Civ. P. 8(a)(3) requires plaintiffs to list "demand[s] for the relief sought," those demands should be listed separately from the "claim[s] showing that the pleader is entitled to relief." For MC, demands for relief should be in the section it has titled "Prayer for Relief."[27] Defendants' motion to dismiss these claims is granted but with leave for MC to amend the complaint to put these remedies in the prayer for relief.

### III.    MC's claim that it relied on the representations in the Letter-in-Lieu must be accepted as true.

The court is required to "accept all well-pled factual allegations as true and view these allegations in the light most favorable to the nonmoving party."[28] The Complaint states, among other things, that "[t]he Letter-in-Lieu represented that UPL Three Rivers and Ultra would fulfill and comply with Axia's obligations under the Agreement with respect to MC Oil[,]"[29] and "[i]n reliance upon the representations contained in the Letter-in-Lieu and the course of the parties' dealings up to and including December 12, 2013, MC Oil accepted the Letter-in-Lieu."[30]

Defendants fail to fully account for these paragraphs in their Motion to Dismiss or in their reply to MC's Opposition. MC's allegation must, at this stage, be taken as true. Accordingly, Defendants motion to dismiss this cause of action is denied.

---

[27] Complaint at 32.

[28] *Peterson*, 594 F.3d at 727.

[29] Complaint ¶ 54.

[30] *Id.* ¶ 57.

## ORDER

IT IS HEREBY ORDERED that Defendants' motions[31] to dismiss are:

1. GRANTED with respect to the constructive trust portions of the claims for anticipatory breach of contract and constructive trust and breach of contract and constructive trust;

2. GRANTED with respect to the claim for equitable estoppel with leave to amend only to plead it in the alternative;

3. GRANTED with respect to the claims for specific performance and injunctive relief, with leave to amend, to incorporate these remedies into the prayer for relief; and

4. DENIED with respect to the claim for indemnification.

IT IS FURTHER ORDERED that the amended complaint shall be filed within fourteen days, and that Defendants shall make their response within fourteen days thereafter.

Dated May 22, 2015.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[31] Docket no. 33, filed March 23, 2015; Docket no. 34, filed March 31, 2015.