**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION**

| | |
|---|---|
| MC OIL and GAS, LLC, a Nevada limited liability company, <br><br>         Plaintiff, <br> vs. <br><br> ULTRA RESOURCES, INC., a Wyoming corporation, UPL THREE RIVERS HOLDINGS, LLC, a Delaware limited liability company, and AXIA ENERGY, LLC, a Delaware limited liability company, <br><br>         Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** <br><br> Civil No. 1:15-cv-0038-DN <br><br> Judge David Nuffer |

Plaintiff MC Oil and Gas, LLC ("MC Oil" or "Plaintiff") moves for a preliminary injunction[1] requiring Defendants Ultra Resources, Inc. ("Ultra"), UPL Three Rivers Holdings, LLC ("UPL"), and Axia Energy, LLC ("Axia") (collectively "Defendants") to sell and deliver to MC Oil 1,000 barrels of black wax oil per day ("BOPD").  The parties' briefs, supporting declarations, and discovery materials have been carefully reviewed.  For the reasons set forth below, Plaintiff's Motion is DENIED.

## BACKGROUND

MC Oil buys and re-sells wax crude oil from oil producers in the Uintah Basin in Utah.  Axia began producing wax crude oil in the Uintah Basin in late 2011.  On April 24, 2013, MC Oil and Axia entered into an agreement (the "Agreement") covering the sale and delivery by Axia, and the purchase and receipt by MC Oil, of crude oil under the terms and conditions specified in the Agreement.

---

[1] Plaintiff's Motion for Preliminary Injunction ("Plaintiff's Motion"), docket no. 88, filed July 1, 2015.

On or about October 1, 2013, pursuant to an Assignment, Bill of Sale, and Conveyance (the "Axia to UPL Assignment"), UPL and Ultra assumed and accepted Axia's rights and obligations under the Agreement.  Axia, UPL, and Ultra notified MC Oil of this transaction by a Letter-in-Lieu of Division Order dated December 12, 2013.  MC Oil acknowledged receipt of the Letter-in-Lieu on December 16, 2013.

On January 13, 2015, Ultra communicated to MC Oil that, "[i]n light of the dramatic recent drop in oil prices, effective March 1, 2015, we do not plan to deliver further barrels for MC Oil under the April 24, 2013 agreement between MC Oil and Axia Energy."  Ultra discontinued delivering and selling crude oil to Plaintiff on March 1, 2015.

MC Oil commenced this lawsuit on February 24, 2015,[2] asserting, *inter alia*, a claim for anticipatory breach of the Agreement, and filed an Amended Complaint on March 2, 2015, alleging an actual breach.[3]  Plaintiff maintains that, under the Agreement, Defendants are required to sell and deliver to MC Oil 1,000 BOPD.  Defendants assert that the Agreement requires MC Oil to purchase and receive a minimum amount of crude oil, but does not require Defendants to sell and deliver a minimum quantity of oil to MC Oil.

On March 5, 2015, Plaintiff filed a motion for a temporary restraining order[4] ("TRO") seeking the same relief sought in the present Motion.  The matters raised in Plaintiff's March 5 motion were set for hearing on April 28, 2015.  During a period of expedited discovery and motions practice on a schedule set by the Court,[5] Plaintiff and Defendants filed and responded to

---

[2] Complaint and Demand for Trial by Jury, docket no. 2, filed February 24, 2015.

[3] First Amended Complaint and Demand for Trial by Jury, docket no. 9, filed March 2, 2015.  MC Oil's complaint contains other claims not addressed here.

[4] *Ex Parte* Motion for Temporary Restraining Order and Order to Show Cause, docket no. 12, filed March 5, 2015.

[5] Order on Motion to Expedite Discovery, docket no. 30, entered March 19, 2015.

cross-motions for summary judgment concerning the existence of a delivery obligation under the Agreement.  Before the April 28 hearing, MC Oil withdrew its Motion for TRO[6] because it had found, on a temporary basis, a substitute source of black wax oil.  At the April 28 hearing, the Court heard argument on the parties' cross-motions for partial summary judgment concerning whether the Agreement imposed a delivery obligation on Defendants.[7]  The Court denied both motions because it found disputed issues of fact that precluded summary judgment, but found a substantial likelihood that MC Oil would prevail on the merits of its claim that the Agreement obligated Defendants to sell and deliver 1,000 BOPD to MC Oil.[8]

On July 1, 2015, Plaintiff filed the Motion at issue here, stating that it could no longer find an alternative source of black wax oil, and asking the Court to order Defendants to sell and deliver to MC Oil 1,000 BOPD of the same.  Defendants opposed a preliminary injunction on a variety of grounds, including that the claimed harm to MC Oil is not irreparable.[9]  A hearing was held on July 23, 2015.  The Court agrees with Defendants that MC Oil failed to demonstrate irreparable harm.  Accordingly, Plaintiff's Motion for a Preliminary Injunction is denied.

## DISCUSSION

"A movant is entitled to a preliminary injunction if he can establish the following: (1) a substantial likelihood of success on the merits of the case; (2) irreparable injury to the movant if

---

[6] Withdrawal of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, docket no. 62, filed April 23, 2015.

[7] Plaintiff's Motion for Partial Summary Judgment and Memorandum in Support, docket no. 42, filed April 10, 2015; Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment and Memorandum in Support of Defendants' Counter-Motion, docket no. 54, filed April 17, 2015.

[8] Order on Motions for Partial Summary Judgment, docket no. 69, entered April 28, 2015.  Transcript of April 28, 2015 Hearing, attached as Exhibit 2 to Plaintiff's Motion.

[9] Defendants' Memorandum in Opposition to Plaintiff's Motion for Preliminary Injunction ("Defendants' Response"), docket no. 97, filed July 13, 2015; Supplement to Defendants' Memorandum in Opposition to Plaintiff's Motion for Preliminary Injunction at 5–9 ("Supplemental Brief"), docket no. 118, filed July 20, 2015.

the preliminary injunction is denied; (3) the threatened injury to the movant outweighs the injury

to the other party under the preliminary injunction; and (4) the injunction is not adverse to the

public interest."[10]   "Because a preliminary injunction is an extraordinary remedy, the movant's

right to relief must be clear and unequivocal."[11]   A preliminary injunction is properly denied

where the movant fails to establish any of these four criteria.[12]

> ### A.   Plaintiff Has Established A Substantial Likelihood of Success on the Merits.

The Court previously held, when it ruled on summary judgment, that MC Oil has a

substantial likelihood of success on the merits of its claim regarding an obligation for the

Defendants to deliver a base minimum of 1,000 BOPD.[13]   For the reasons previously stated,[14]

the Court finds that MC Oil has satisfied this requirement for a preliminary injunction.

> ### B.   The Balance of the Harms Favors Plaintiff.

Defendants argue that a preliminary injunction requiring them to provide MC Oil with

1,000 BOPD would shift the harm caused by the shortage of black wax oil from MC Oil to

Defendants and their customers, resulting in harm to third parties who are not before the Court.

Thus, according to Defendants, the balance of harm is at best equal.[15]   MC Oil maintains that

"the balance of harms tips in favor of a plaintiff where an injunction merely requires a defendant

to adhere to the terms of its contract."[16]   Because the parties agreed at the hearing that there is no

alternative source for MC Oil to obtain wax crude oil, and because MC Oil has established a

---

[10] *Kikumura v. Hurley*, 242 F.3d 950, 955 (10th Cir. 2001).

[11] *Dominion Video Satellite, Inc. v. EchoStar Satellite Corp.*, 269 F.3d 1149, 1154 (10th Cir. 2001).

[12] *Black Fire Fighters Ass'n v. City of Dallas, Tex.*, 905 F.2d 63, 65 (5th Cir. 1990).

[13] *See* Transcript of April 28, 2015 Hearing, attached as Exhibit 2 to Plaintiff's Motion, at 21:17–21.

[14] *Id.*

[15] Defendants' Response at 17–19.

[16] Plaintiff's Motion at 18.

substantial likelihood of success on the merits on whether the Defendants are obligated by the Agreement to deliver 1,000 BOPD of black wax oil to MC Oil, the balance of harms favors the injunctive relief sought by Plaintiff

        **C.**      **An Injunction Would Not Be Contrary to the Public Interest.**

"[T]he public has an interest in . . . the enforcement of lawful contractual obligations . . . ."[17]  Thus, because public policy favors enforcement of contracts, and because Plaintiff has a substantial likelihood of success on its claim for delivery of 1,000 BOPD under the Agreement, the Court finds that this factor also weighs in favor of an injunction.

        **D.**      **Plaintiff Has Failed to Show Irreparable Harm.**

Plaintiff has failed to show irreparable harm, so the Motion must be denied.  "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical."[18]  "[A] plaintiff satisfies the irreparable harm requirement by demonstrating 'a significant risk that he or she will experience harm that cannot be compensated after the fact by monetary damages.'"[19]  "It is . . . well settled that simple economic loss usually does not, in and of itself, constitute irreparable harm; such losses are compensable by monetary damages."[20]

MC Oil alleges several types of harm it will suffer, because of Defendants' conduct, without a preliminary injunction, including: (1) damages to its relationship with a major customer resulting from the breach of its contractual obligations with that major customer; (2) the possibility that it would be forced to operate at a loss; (3) reputational harm and loss of

---

[17] *Neways Inc. v. Mower*, 543 F. Supp. 2d 1277, 1290 (D. Utah 2008).

[18] *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1267 (10th Cir. 2005) (quoting *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003)).

[19] *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1210 (10th Cir. 2009) (quoting Greater Yellowstone Coal. v. Flowers, 321 F.3d 1250, 1258 (10th Cir. 2003)).

[20] *Schrier*, 427 F.3d at 1267 (quoting Heideman, 348 F.3d at 1189).

goodwill; and (4) disruption of its business model.[21]  Defendants respond that none of these potential harms at this time "justifies a preliminary injunction because each is compensable via money damages, is speculative, and/or cannot be solved by the requested injunction."[22] Defendants are correct that any harm suffered by Plaintiff on account of Defendants' alleged breach of the Agreement, if proven, will be compensable in monetary damages.  Plaintiff has not shown that the alleged damages that would result in the absence of a preliminary injunction would be business-threatening.  During the hearing, for purposes of the present motion, Plaintiff withdrew its assertion that Plaintiff's affiliate was harmed through the loss of a contract because of Defendants' actions.  As for Plaintiff's customer, Big West, the alleged relationship damages are in dispute and are not capable of resolution on a preliminary basis.  In addition, Plaintiff's claimed damages due to reputational harm and loss of good will are only loosely linked to Defendants' alleged breach of the Agreement.  Accordingly, and for the reasons stated in Defendants' Response[23] and Supplemental Brief,[24] the Court finds that Plaintiff has failed to establish the irreparable harm required for a preliminary injunction at this time. This decision does not prejudice Plaintiff's ability to obtain permanent injunctive relief at trial should it make the required showings.[25]

Because Plaintiff has not established each of the requirements for a preliminary injunction, its Motion must be denied.

---

[21] Plaintiff's Motion at 14–18.

[22] Defendants' Response at 11.

[23] *See id.* at 11, 14–16 .

[24] Supplemental Brief at 5–7.

[25] *See Ctr. for Food Safety v. Schafer*, 2010 WL 964017 (N.D. Ca. 2010) (noting that the Court's denial of a preliminary injunction did not foreclose the possibility of a permanent injunction).

## ORDER

IT IS HEREBY ORDERED that Plaintiff's Motion[26] for Preliminary Injunction is DENIED.

Dated September 1, 2015.

BY THE COURT:

David Nuffer
United States District Judge

---

[26] Docket no. 88, filed July 1, 2015.