IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| MC OIL and GAS, LLC, a Nevada limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> ULTRA RESOURCES, INC., a Wyoming corporation, UPL THREE RIVERS HOLDINGS, LLC, a Delaware limited liability company, and AXIA ENERGY, LLC, a Delaware limited liability company, <br><br> Defendants. | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO AMEND** <br><br><br><br> Case No. 1:15-cv-0038 <br><br> District Judge David Nuffer |

Defendants Ultra Resources, Inc., UPL Three Rivers Holdings, LLC, and Axia Energy, LLC (collectively, "Defendants") move[1] to amend the August 2, 2015 Amended Scheduling Order ("Motion to Amend").[2] The parties' memoranda and supporting documentation have carefully been reviewed. For the reasons set forth below, Defendants' Motion to Amend is hereby GRANTED in part and DENIED in part.

## BACKGROUND

The background of the case has been previously addressed in the Memorandum Decision and Order Denying Plaintiff's Motion for Preliminary Injunction ("September 1, 2015 Memorandum Decision and Order").[3] The following is an abridged version of the relevant facts

---

[1] Expedited Motion for Scheduling Conference and to Amend Scheduling Order ("Motion to Amend"), docket no. 183, filed October 2, 2015.

[2] Amended Scheduling Order, docket no. 127, filed August 2, 2015.

[3] Docket no. 154, filed September 1, 2015.

that occurred during and after the July 23, 2015 hearing on Plaintiff's Motion for Preliminary Injunction.[4]

After denying Plaintiff's Motion for Preliminary Injunction at the July 23, 2015 hearing, the court noted that, given the amount of damages Plaintiff may sustain if the original trial date of August 1, 2016 is left unchanged, the trial should be expedited if possible. On July 29, 2015, a proposed modified schedule amending the trial date to mid-November 2015 was filed.[5] After both parties responded to the proposed amended schedule, an Amended Scheduling Order was issued on August 2, 2015. There, among other dates, Expert Reports (26(a)(2)) were scheduled due on October 12, 2015, with expert discovery due October 26, 2015, and motions to challenge experts due November 2, 2015. Trial was set for November 30, 2015.[6]

In support of their Motion to Amend, Defendants argue that: (1) the Amended Scheduling Order does not permit them a meaningful opportunity to offer expert testimony to rebut any expert testimony offered by Plaintiffs; and (2) the facts and circumstances of this case do not support the Court's two reasons for the entry of the expedited schedule in this case. Each argument is addressed below.

## ANALYSIS

### (1) Expert Reports are Due Simultaneously on October 12, 2015, Except the Rebuttal to Plaintiff's Damages Expert is Due October 19, 2015.

Defendants contend that because the current Amended Scheduling Order permits only a single date, October 12, 2015, for the submission of expert reports, Defendants are unable to respond to Plaintiff's expert reports.[7] Defendants mention that after discussing their concern with

---

[4] Docket no. 88, filed July 1, 2015.

[5] Docket no. 124, filed July 29, 2015.

[6] Amended Scheduling Order at 2-3.

[7] Motion to Amend at 3-4.

Plaintiff's counsel, MC Oil agreed to a one week extension after receiving Rick Hoffman's damages report to submit their rebuttal report in response.[8] Defendants contend that "while Plaintiff has had more than seven months since it filed this case to gather its own information and submit a damages expert report by October 12, if the current schedule is maintained, Defendants will have only one week to put together a coherent response regarding damages."[9]

Defendants further state that they "will need to respond to more than just the opinions offered by Plaintiff's damages expert. Defendants learned for the first time on October 1, 2015 that Plaintiff intends to offer no fewer than six expert witnesses and for the first time Plaintiff disclosed, in a very general sense, the subject matter of the testimony of those experts."[10] Plaintiff's experts are:

    a.  Jefferson Gross – testifying on issues related to the alleged breach of implied duty of good faith and fair dealing

    b.  Todd Kalstrom – testifying to issues related to due diligence

    c.  Chris Terry – testifying to issues related to interpretation of the agreement

    d.  Daniel Reineke – testifying to issues related to interpretation of the agreement and his experience in the Uinta Basin

    e.  Rick Hoffman – testifying to issues related to damages

    f.  Rick Kopp – testifying to issues related to Utah state records on Uintah Basin oil production[11]

According to Defendants, pursuant to the Amended Scheduling Order, they "will be required to find and produce reports from suitable industry experts to respond to the multiple experts offered by Plaintiff by October 12 that same day as Plaintiff's reports are submitted."[12]

---

[8] *Id.* at 4.

[9] *Id.* at 4-5.

[10] *Id.* at 5.

[11] *Id.*

Defendants point out two additional issues related to the Amended Scheduling Order. Defendants state that Plaintiff has objected to Defendants' request to disclose confidential information to one of its retained experts, Robert John. According to Defendants, Mr. John would offer expert opinion testimony on issues related to industry issues and potentially the interpretation of the agreement between the parties. Plaintiff, however, has objected to the disclosure of certain confidential information to Mr. John on the grounds that Mr. John's company is a competitor of Plaintiff.[13] Defendants state that they "cannot reasonably be expected to have a witness offer opinion testimony about an agreement he is not permitted to see."[14]

Defendants remaining contention is that the present scheduling order leaves them little time to schedule and take depositions of the various experts and to draft, file and argue Daubert motions.[15] The Amended Scheduling Order provides, among other things, the following dates:

| Rule 26(a)(2) Reports from Experts | October 12, 2015 |
|---|---|
| Last day for expert discovery | October 26, 2015 |
| Deadline for filing motions to partially or completely exclude expert testimony | November 2, 2015 |
| Rule 26(a)(3) Pretrial Disclosures | October 26, 2015 |
| Objections to Rule 26(a)(3) Disclosures | November 2, 2015 |

Ultimately, Defendants request that they be given until November 10, 2015 to submit counter reports to Plaintiff's expert reports. They further request that a deadline be set for Daubert motions.

Plaintiff, in opposition,[16] argues that further amendment to the Amended Scheduling Order is improper and inappropriate for several reasons.[17] First, the request is untimely. The

---

[12] *Id.* at 6.

[13] *Id.*

[14] *Id.*

[15] *Id.* at 7.

Amended Scheduling Order was entered on August 2, 2015, and yet, Defendants waited two months to bring up the issue with counsel for Plaintiff.[18] Second, an amendment "is unnecessary because Plaintiff has agreed to allow Defendants' economic expert additional time beyond the current expert report deadline to submit his report."[19] Plaintiff argues that it is untrue that Plaintiff has had several months to gather information and Defendants are only getting one week to provide a coherent response.[20] Plaintiff states that "Defendants have had the exact same amount of time that Plaintiff has had to conduct discovery and gather information regarding the damages claimed by Plaintiff in this case. The only piece of information that Defendants do not yet have is Plaintiff's expert report containing the calculation of Plaintiff's damages."[21] On this point, Plaintiff concludes that "Defendants have not provided a single reason, let alone a compelling one, why their expert requires more than an extra week to prepare a response to Plaintiff's expert."[22]

Third, Plaintiff disputes the October 1, 2015 date in which Defendants claim they first became aware of Plaintiff's experts. According to Plaintiff, "[a]s required by the Protective Order governing this case, Plaintiff has provided Defendants with Disclosure Agreements and curricula vitae for each of its experts as those experts were retained throughout the course of discovery. Plaintiff[] submitted seven such disclosures on June 3rd, June 12th, June 23rd, August

---

[16] Plaintiff's Memorandum in Opposition to Defendants' Expedited Motion for Scheduling Conference and to Amend Scheduling Order ("Opposition Memorandum"), docket no. 186, filed October 6, 2015.

[17] *Id.* at 12.

[18] *Id.* at 13.

[19] *Id.* at 14.

[20] *Id.*

[21] *Id.*

[22] *Id.*

8th, August 13th, August 21st, and September 14th."[23] Plaintiff points out that "[d]espite

knowing the identity of nearly all of Plaintiff's experts within a timeframe under the Amended

Scheduling Order sufficient to have requested information in written discovery regarding the

subject matter on which they will be testifying, Defendants did not do so."[24]

   Plaintiff's remaining two responses deal with the issue of Defendants' retained expert

Robert John, and the issue of scheduling depositions and filing Daubert motions. Regarding Mr.

John, Plaintiff argues that "the parties' dispute with respect to Defendants' retained expert

Robert John are improper and premature."[25] Plaintiff contends that "[t]he Protective Order

requires that the parties meet and confer regarding the objection and, if no agreement can be

reached, that Plaintiff file an appropriate motion for Court's consideration. Unless and until such

a motion is properly before this court, the Court should disregard any arguments concerning Mr.

John . . . ."[26]

   Regarding scheduling depositions and filing Daubert motions, Plaintiff states that these

can be accomplished within the deadlines of the Amended Scheduling Order.[27] Plaintiff points

out that in "their joint Proposed Discovery Plan the parties included several catch-up days that

could be utilized for deposition that were unexpected or that were unable to go forward at the

times previously agreed upon."[28] Plaintiff acknowledges that the "current schedule will

undoubtedly require significant effort from both parties," but further asserts that "[t]he parties

have worked together to accommodate schedules and reach stipulations regarding discovery

---

[23] *Id.* at 15.

[24] *Id.*

[25] *Id.* at 16.

[26] *Id.*

[27] *Id.*

[28] *Id.* at 16-17.

outside the scheduled deadlines where necessary, and have been able to resolve all such issues up to this point. There is no reason to expect that the parties cannot continue to work tougher to ensure that all of the depositions can be completed in a timely and efficient manner."[29]

Defendants, in reply,[30] reiterate that amending the Amended Scheduling Order to give Defendants additional time to rebut Plaintiff's six or more experts is necessary.[31] Defendants state that their request is timely. They mention that they first raised the issue in a meeting on September 3, 2015. During the meeting, Plaintiff's counsel said he would try to get his damages expert—Rick Hoffman—to perhaps file his expert report before the October 12, 2015 deadline. On October 1, however, Plaintiff's counsel informed Defendants that Mr. Hoffman will not be submitting his expert report until October 12, 2015.  Defendants argue that although Plaintiff's counsel agreed to a one week extension for Defendants to file a rebuttal expert damages report, the extension is unreasonable and is also only for the damages expert. Such extension was not given for the other expert reports.[32] Defendants contend that they do not know what opinions will be offered by Plaintiff's experts and therefore they need more time to file rebuttal reports to all of Plaintiff's proposed experts. Defendants argue that, Plaintiff's assertion that Defendants have had as much time as Plaintiff to conduct discovery and gather information regarding damages rings hollow.[33] This is so, because, "MC Oil's theories of recovery have shifted over time and, in response to discovery requests, MC Oil has refused to state with any clarity how it

---

[29] *Id.* at 17.

[30] Reply Memorandum in Support of Expedited Motion for Scheduling Conference and to Amend Scheduling Order ("Reply"), docket no. 188, filed October 7, 2015.

[31] *Id.* at 1.

[32] *Id.* at 2.

[33] *Id.* at 6.

intends to calculate its damages, instead deferring to its expert opinions."[34] Finally, as for the issue of Robert John, Defendant's expert that Plaintiff objects to, Defendants contend that Plaintiff's "premature" argument misses the point.  "Plaintiff's position would result in Defendants' inability to provide necessary information to an expert witness until *after* the current October 12, 2015 deadline and Defendants would be prevented from using that expert absent an amendment to the Amended Scheduling Order."[35]

Defendants' arguments are unavailing. First, Defendants' Motion is untimely. The Amended Scheduling Order has been effective since August 2, 2015, yet Defendants waited until October 2, 2015 to file their motion. Defendants' amendment request is also unnecessary because Defendants were made aware of the identify of most of Plaintiff's potential experts several months ago, and have therefore had sufficient time to inquire informally or otherwise regarding the subject matter of the testimony of each of Plaintiff's experts. Overall, Defendants have had the same amount of time to gather information and conduct discovery on Plaintiff's causes of action and its theories of liability. Defendants can formulate their own expert reports regarding Plaintiff's causes of action and theories of liability without having to see Plaintiff's expert testimony. Accordingly, expert reports remain due simultaneously on October 12, 2015, except Defendants' damages expert report is due October 19, 2015. The parties have demonstrated their ability to work together, and the Court trusts that they will continue to do so to meet the October 26, 2015 expert discovery deadline. Finally, the established November 2, 2015 deadline to file Daubert motions is demanding but sufficient.

With regards to Mr. John, Defendants were or should have been aware that he is a direct competitor to Plaintiff. Defendants should not be surprised that Plaintiff objected to Mr. John's

---

[34] *Id.*

[35] *Id.* at 4.

use of certain confidential information. Defendants have had sufficient time to disclose to

Plaintiff that they wanted to provide confidential information to Mr. John. Any resulting harm

appears to be self-inflicted.  However, this issue remains undecided as there is no motion for the

Court to rule upon.

### (2) The Trial Date of November 30, 2015 Remains

Defendants point out that in the Amended Scheduling Order, the Court gave two reasons

for modifying the Scheduling Order and moving the trial date to November 30, 2015:

  a. This case has serious financial consequences for the parties, which are
     potentially business ending for Plaintiff.  While preliminary injunctive relief
     has been denied Plaintiff in large part due to the monetary nature of the losses,
     this does not change the gravity of the circumstances.

  b. Partial summary judgment on a major liability issue has been denied.
     Disputed material facts prevent pretrial summary adjudication of the alleged
     obligation of Defendants to supply 1,000 barrels per day of oil to Plaintiff.
     This case will be tried.[36]

Defendants argue that "these two reasons are not supported by the facts of this case and

the Court should consider amending the Scheduling Order . . . ."[37] Defendants provide two

reasons in support of amending the Scheduling Order and the trial date.

First, "[s]ince the Court issued the Amended Scheduling Order on August 2, 2015,

Plaintiff has stated on numerous occasions that the 'financial consequences' of this case are not

'potentially business ending for Plaintiff.'"[38] Defendants point out that this was stated at the

hearing on the Motion for Preliminary Injunction on July 23, 2015, and was also stated on

September 3, 2015, during a meet and confer meeting on various issues.[39]

---

[36] Amended Scheduling Order at 1.

[37] Motion to Amend at 8.

[38] *Id.* at 9.

[39] *Id.*

Second, Defendants contend that they "should be given the opportunity to submit motions for partial summary judgment to address Plaintiff's theories of liability and damages that have not been presented to the Court."[40] Defendants state that "[w]hile the Court has ruled that the agreement between the parties is ambiguous, Plaintiff seeks recovery on six causes of action, some of which are unrelated to the meaning of the agreement."[41] Defendants conclude that "[w]hile genuine issues of material fact 'prevent pretrial summary adjudication of the alleged obligation of Defendants to supply 1,000 barrels per day of oil to Plaintiff,' it does not follow that 'the need for the lengthy time to brief, argue and decide such motions' has been 'eliminat[ed]' in this case."[42]

Plaintiff responds that Defendants have misconstrued statements that Plaintiff's counsel made in regards to the extent of financial consequences Plaintiff will suffer. Plaintiff states that "[t]he context of that issue was the hearing in July, at which time counsel for Plaintiff stated that 'I think in being fair to the court and the parties I can represent to the court that my client thus far has been able to absorb those losses.'"[43] Plaintiff argues that while "not threatened with the end of its business after suffering approximately $500,000 in economic loss over the course of the first five months of this case, such damages are ongoing and continue to mount."[44] Plaintiff insists that "[e]xtending those type of damages for any significant amount of time *will* cause significant economic damage to and disruption of Plaintiff's business."[45]

---

[40] *Id.* at 10.

[41] *Id.*

[42] *Id.* at 11 (quoting Amended Scheduling Order at 1).

[43] Opposition Memorandum at 18-19.

[44] *Id.* at 19.

[45] *Id.*

Regarding Defendants' issue of additional time to file dispositive motions on Plaintiff's various claims and defenses, Plaintiff contends that "Defendants have had the past seven months to file dispositive motions . . . . The claim that additional time is now needed is simply Defendants' attempt to unnecessarily draw out this case and force Plaintiff to incur more damages while awaiting resolution of claims on which the Court has already stated it has a substantial likelihood of success."[46]

Defendants reply that they "will be severely prejudiced if the Amended Scheduling Order is not amended to permit Defendants to submit expert rebuttal reports and to file dispositive motions."[47] Defendants argue that there is more to do then time to do it in. Defendants contend that trial is scheduled to begin in seven weeks and during those seven weeks, "the parties contemplate that there will be at least five additional fact depositions. Two of these are depositions of third-party subpoena recipients, with whom scheduling has been particularly difficult . . . ."[48] Defendants state that even with counsels' efforts, "it appears that fact discovery will not be completed until the end of October . . . . [and it appears that six expert witnesses will need to be] deposed and several of whom, undoubtedly, will be the subject of Daubert motions."[49]

Regarding dispositive motions, Defendants state that "some limited dispositive motions are warranted in this case."[50] Thus, Defendants request that the trial date be moved by 90 days to allow parties sufficient time to address all of the outstanding issues. Finally, Defendants reiterate that it appears that "MC Oil has simply not suffered the types of consequential damages that

---

[46] *Id.*

[47] Reply at 7.

[48] *Id.*

[49] *Id.* at 8.

[50] *Id.* at 9.

perhaps the Court was concerned about . . . . MC Oil's only damages are expectation damages—which puts it in the same position as all plaintiffs asserting a breach of contract."[51] As a final matter, Defendants request oral argument on the matters raised in the present Motion. They "believe that oral argument on these complex matters will greatly assist the Court and hereby request an opportunity to address them directly with the Court in a hearing."[52]

Contrary to Defendants' assertions, the reasoning for expediting the trial of this case is still valid. With each day passing, Plaintiff sustains additional damages. Accordingly, the trial date will not be rescheduled. Regarding Defendants' belated request for additional time to file dispositive motions, the Amended Scheduling Order made no restriction on such motions and specifically provided a schedule to file and brief any motions. "Response to any motion filed (other than short form discovery motions) shall be due 7 calendar days after electronic delivery of the motion, and replies shall be due three calendar days after any response."[53] Nothing prevented Defendants from filing their requested dispositive motions. Nevertheless, the Court will allow until October 16, 2015, for parties to file significant, well drafted, focused, and concise dispositive motions. But motions that do not meet these criteria will not be considered before trial. Briefing schedule on these motions will follow the schedule set in the Amended Scheduling Order.

## ORDER

For the reasons set forth above, it is hereby ORDERED that Defendants' Motion to Amend[54] is GRANTED in part with respect to Defendants' request to submit dispositive

---

[51] *Id.*

[52] *Id.* at 10.

[53] Amended Scheduling Order at 3.

[54] Docket no. 183, filed October 2, 2015.

motions. Parties may file dispositive motions by October 16, 2015. In all other regards,

Defendants' Motion is DENIED.  Oral argument is unnecessary.

        Dated October 7, 2015.

                                       BY THE COURT:

                                       _____

                                       David Nuffer
                                       United States District Judge