IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| MC OIL and GAS, LLC, a Nevada limited liability company,<br><br>             Plaintiff,<br>v.<br><br>ULTRA RESOURCES, INC., a Wyoming corporation, UPL THREE RIVERS HOLDINGS, LLC, a Delaware limited liability company, and AXIA ENERGY, LLC, a Delaware limited liability company,<br><br>             Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING SPECIFIC PERFORMANCE AND PERMENANT INJUNCTION**<br><br>Case No. 1:15-cv-0038<br><br>District Judge David Nuffer |

Defendants Ultra Resources, Inc. ("Ultra"), UPL Three Rivers Holdings, LLC ("UPL"), and Axia Energy, LLC ("Axia") (collectively "Defendants") have moved[1] for summary judgment on Plaintiff MC Oil and Gas, LLC's ("MC Oil") request for specific performance and permanent injunctive relief. The parties' memoranda and supporting documentation have been carefully reviewed. For the reasons set forth below, Defendants' Motion is DENIED.

Specific performance and permanent injunctions are equitable remedies.[2] "Such remedies are usually granted in lieu of legal relief only when the latter would be inadequate."[3] And "as a general rule equitable claims are considered subsequent to decision on legal claims."[4] Because

---

[1] Docket no. 201.

[2] *See Tooele City Ltd. Partnership v. Tooele City,* 251 P.3d 835, 836 (Utah Ct. App. 2011) (describing specific performance as a form of equitable relief); *ClearOne Commc'ns, Inc. v. Chiang*, 608 F. Supp. 2d 1270, 1282 (D. Utah 2009) (describing a permanent injunction as a form of equitable relief); *see also Lermer Germany GmbH v. Lermer Corp.*, 94 F.3d 1575, 1577 (Fed. Cir. 1996) (stating that permanent injunction is a form of equitable relief).

[3] *Close v. Blumenthal*, 354 P.2d 856, 857 (Utah 1960).

[4] *Colorado Coal Furnace Distributors, Inc. v. Prill Mfg. Co.*, 605 F.2d 499 (10th Cir. 1979).

MC Oil's monetary damage, if any, remains to be determined, summary judgment in Defendants' favor on MC Oil's requested equitable relief is not warranted at this time.

Accordingly, it is hereby ORDERED that Defendants' Motion[5] is DENIED. MC Oil's equitable claims are reserved for resolution after determination of MC Oil's claim for damages.

Dated November 12, 2015.

BY THE COURT:

David Nuffer
United States District Judge

---

[5] Docket no. 201.