IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| MC OIL and GAS, LLC, a Nevada limited liability company, | **MEMORANDUM DECISION AND ORDER** |
| Plaintiff, | |
| v. | Case No. 1:15-cv-0038-DN |
| UPL THREE RIVERS HOLDINGS, LLC, a Delaware limited liability company, and AXIA ENERGY, LLC, a Delaware limited liability company, | District Judge David Nuffer |
| Defendants. | |

A final pretrial conference was held on November 17, 2015. Among other things, the parties raised three issues: (1) whether MC Oil is entitled to an alternative claim of equitable estoppel and its corresponding jury instruction; (2) whether attorney fees can be recovered as consequential damages; and (3) whether MC Oil has plead facts to support its implied covenant of good faith and fair dealing claim. The arguments raised by both parties during the hearing and the memoranda subsequently filed on these matters have been carefully reviewed. For the reasons set forth below, MC Oil is entitled to an alternative claim of equitable estoppel and its corresponding jury instruction; attorney fees cannot be recovered as consequential damages under the present circumstances; and MC Oil's implied covenant of good faith and fair dealing claim fails because it cannot be used to impose an obligation that the contract does not contain and it is missing an essential element—damages.

## MC OIL IS ENTITLED TO AN ALTERNATIVE CLAIM
## OF EQUITABLE ESTOPPEL

Because the first element of a breach of contract claim—formation of an enforceable contract—has been met, the only issue remaining to be resolved at trial is whether "the parties intended Defendants to have a reciprocal obligation to sell."[1] If the jury determines that the Agreement does not set forth a reciprocal obligation to sell, then because there is evidence to support MC Oil's alternative claim of equitable estoppel, the jury should be instructed regarding this alternative means of finding that Defendants have an obligation to sell and deliver.

## MC OIL DOES NOT HAVE EVIDENCE TO SUPPORTS ITS
## IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING CLAIM

MC Oil claims "the implied covenant fills any gap alleged by Defendants in the written contract requiring Defendants to sell and deliver 1,000 BOPD to MC Oil"[2] and that "Defendants' obligation to sell and deliver 1,000 BOPD to MC Oil may be imposed by the implied covenant."[3] But the implied covenant cannot leverage MC Oil into a position not within the contract. If there is a contractual obligation for Defendants to deliver oil, then they must perform that obligation in good faith and not obstruct its fulfillment. But if there is no such obligation, the implied covenant cannot supply such a central term.

MC Oil claims that implying the obligation to sell and deliver "advances the core function of the covenant."[4] This argument leaps over the absence of an obligation to sell and deliver. MC Oil argues that "the implied covenant requires Defendants to refrain from injuring MC Oil by selling the 1,000 BOPD to another party so as to avoid selling to MC Oil at a less

---

[1] Post Evidence Jury Instructions at 5, docket no. 377, filed November 23, 2015.

[2] MC Oil's Memorandum Re: Implied Covenant of Good Faith and Fair Dealing and Attorney Fees at 3, docket no. 385, filed November 24, 2015.

[3] *Id.*

[4] *Id.* at 4.

advantageous price."[5] Again, MC Oil assumes Defendants have an obligation to sell and deliver, which is not clear in the Agreement. If the obligation to sell and deliver exists, then Defendants' sale to a third party would breach the contract. But the implied covenant cannot be used to impose an obligation that the contract does not contain.

Defendants' contractual obligation—or obligation by estoppel—to sell and deliver oil is the core of this case. The implied covenant of good faith and fair dealing cannot supply that obligation. Therefore, that claim will not be submitted to the jury.

### ATTORNEY FEES ARE NOT RECOVERABLE AS CONSEQUENTIAL DAMAGES FOR MC OIL'S IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING CLAIM

"Utah adheres to the well-established rule that attorney fees generally cannot be recovered unless provided for by statute or by contract."[6] MC Oil's request for attorney fees for Defendants' alleged breach of the covenant of good faith and fair dealing is not based on statute or contract, nor does it fall within any of the exceptions to the general non-recoverability rule. MC Oil's cited Utah cases—in support of its assertion that it is entitled to an award of attorney's fees for an alleged breach of the implied covenant of good faith and fair dealing—are distinguishable. MC Oil's cited cases deal with specific exceptions to the general attorney fee rule—such as, exceptions for employment termination cases, insurance contract cases, and situations were defendant's breach of contract foreseeably caused the plaintiff to incur attorney fees through litigation with a third party.[7]

---

[5] *Id.*

[6] *Canyon Country Store v. Bracey,* 781 P.2d 414, 419 (Utah 1989).

[7] *See Berube v. Fashion Centre, Ltd.*, 771 P.2d 1033 (Utah 1989) (creating an exception for employment termination cases); *Beck v. Farmers Insurance Exchange,* 701 P.2d 795, 799 (Utah 1985) (creating an exception for first-party insurance contract cases); *Lieber v. ITT Hartford Ins. Ctr., Inc.*, 15 P.3d 1030, 1037 ("Attorney fees may be awarded where a breach of the implied covenant of good faith and fair dealing, inherent in every insurance contract, has occurred."); *Freres v. Xyngular Corp.*, No. 2:13CV400 DAK, 2015 WL 4613123, at *1 (D. Utah July 31, 2015)

MC Oil cites to *St. Benedict's Dev. Co. v. St. Benedict's Hosp.*,[8] in support of its contention that Utah courts allow attorney fees to be recovered as consequential damages in the present circumstances.[9] MC Oil relies on a footnote in *St. Benedict's* which states: "Damages permissible for a cause of action in contract for breach of express covenants or the implied covenant of good faith and fair dealing include all types of reasonably foreseeable consequences naturally flowing from the breach. *Berube v. Fashion Centre, Ltd.,* 771 P.2d 1033 (Utah 1989) (citing *Beck,* 701 P.2d at 799))."[10]

The broad language contained in the footnote does not support a finding that attorney fees are recoverable as consequential damages in the present circumstances. The footnote cites to *Berube* and *Beck*. "*Beck* envisioned a broad range of recoverable damages for breach of the covenant of good faith and fair dealing in a *first-party insurance contract*. Similarly, *Berube* envisioned a broad range of recoverable damages in an implied-in-fact *contract of employment*, including both general and consequential damages."[11] In creating these limited exceptions, the Utah Supreme Court has noted that "[t]he rationale for allowing attorney fees as recoverable damages within the contemplation of the parties in first-party insurance claims is also applicable to employment claims."[12] Other than these exceptions to the general attorney fee rule, Utah courts have not created an exception that would permit MC Oil to recover attorney fees.

Therefore, MC Oil's implied covenant of good faith and fair dealing claim fails for the separate reason that the damages element of that claim is missing. That is, MC Oil has stated

---

(dealing with employment termination); *McQueen v. Jordan Pines Townhomes Owners Ass'n, Inc.*, 298 P.3d 666 (Utah Ct. App., 2013) .

[8] 811 P.2d 194, 202 (Utah 1991).

[9] MC Oil's Memorandum Re: Implied Covenant of Good Faith and Fair Dealing and Attorney Fees at 5.

[10] 811 P.2d at 202 (emphasis in original).

[11] *Heslop v. Bank of Utah*, 839 P.2d 828, 840 (Utah 1992).

[12] *Id.*

that "[t]he sole element of damages being sought by Plaintiff[] for the breach of the implied covenant of good faith and fair dealing is attorney's fees and litigation costs and expenses."[13] As there are no requested damages other than attorney fees the claim fails.

## CONCLUSION

Accordingly, it is hereby ORDERED that

- MC Oil is entitled to an alternative claim of equitable estoppel and its corresponding jury instruction;
- MC Oil cannot recover attorney fees as consequential damages; and
- MC Oil's implied covenant of good faith and fair dealing claim fails because an essential element of the claim is missing and because the claim cannot be used to impose an obligation that the contract does not contain.

In implementation of this order, the implied covenant of good faith and fair dealing jury instruction will be removed from the post evidence instructions.[14] The court's proposed special verdict form is attached to this order.

Dated November 25, 2015.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[13] Plaintiff's Motion in Limine Re: Reserving Issues of Damages for Breach of Implied Covenant of Good Faith at 2, docket no. 215, filed October 20, 2015.

[14] Docket no. 377, filed November 23, 2015.